886 F.2d 1317
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony L. MAZZIO, Defendant-Appellant.
 No. 88-2191.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Anthony Mazzio appeals his conviction on two counts of possessing contraband while in federal prison. 18 U.S.C. Sec. 1791. Mazzio argues that prosecutorial misconduct so pervaded his trial that it denied his due process right to a fair trial. Although the conduct of the prosecuting attorney was less than admirable, Mazzio's right to a fair trial was not compromised.
 
 
 2
 Mazzio was tried for this offense twice. The first trial ended in a mistrial on May 31, 1988 because of an improper question that was answered by a government witness before the defense could object and because the government had called the witness without advance notice to the defense.
 
 
 3
 The second trial resulted in Mazzio's conviction on both counts on June 10, 1988. The government charged that Mazzio's wife smuggled two drug capsules to him in prison during a visit to him on February 19, 1987. Following a tip from a prisoner informant, Louis Messina, prison officials observed the visit on a video surveillance camera. They testified that Mrs. Mazzio apparently passed objects to her husband, who appeared to place them in a body cavity. After the visit, prison officials questioned Mrs. Mazzio and, upon searching her purse, they found a tube of Vaseline and some tissue paper concealed in a glasses case. They placed Mazzio in a room with no toilet and found in his bowel movement two capsules, the contents of which tested positive for cocaine and marijuana.
 
 
 4
 Mazzio faces a stiff standard in seeking to reverse his conviction because of prosecutorial misconduct. Misconduct will not result in the reversal of a conviction if it is peripheral and could not have changed the verdict. See Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982). In United States v. Young, 470 U.S. 1, 11-12, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985) (affirming conviction despite a prosecutor's improper response in closing argument to an improper argument made by the defense counsel), the court stated:
 
 
 5
 Inappropriate prosecutorial comments, standing alone, would not justify a reviewing court to reverse a criminal conviction obtained in an otherwise fair proceeding.... [T]he remarks must be examined within the context of the trial to determine whether the prosecutor's behavior amounted to prejudicial error. In other words, the Court must consider the probable effect the prosecutor's response would have on the jury's ability to judge the evidence fairly.
 
 
 6
 In deciding whether prejudicial error occurred, we consider the following factors: whether the acts complained of have a tendency to mislead the jury and prejudice it against the accused; whether they were isolated or extensive; whether they were deliberately or accidentally placed before the jury; the strength of the proof against the defendant; whether objections are made; and whether the trial court admonishes the jury with a corrective instruction. Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982); United States v. Leon, 534 F.2d 667, 679 (6th Cir.1976).
 
 
 7
 Mazzio alleges a number of acts of misconduct by the prosecution. First, Mazzio alleges that the government improperly impugned Mazzio's character by implying that he would harm Messina for being a government informant. During its redirect examination of Messina, the informant, the government inquired into Messina's fear of being attacked for being an informant. The district court properly denied a mistrial, holding these questions to be "arguably relevant," as they were, to showing Messina's credibility after he had been attacked as an informant on cross-examination. Messina evidently informed on Mazzio to gain protection from reprisal for previously informing on an escape attempt in a different prison. Significantly, the defense rejected the district court's offer of a curative instruction.
 
 
 8
 Mazzio also points to the government's cross-examination of him, where the district court sustained objections for inquiring into what happens to informants in prison and for badgering Mazzio as to whether those who inform on criminals are bad. Although this conduct is not to be lauded, it was not repeated because the district court acted promptly to prevent its continuation and prejudice to the jury.
 
 
 9
 Second, Mazzio accuses the prosecution of attempting to give the jury the impression that the defense was trying to mislead them. Mazzio points to the government's attempts to improperly introduce reports of prison officials on redirect examination, that had been marked as exhibits by the defendant and used in part to impeach their testimony on cross. Mazzio's objections were as to form. Our review of the record reveals a picture of a government attorney who stumbled while trying to rebuild a witness' credibility during redirect examination, not a purposeful undercutting of the defense. These questions were hardly likely to prejudice the jury against the defense.
 
 
 10
 Mazzio also asserts that the government impliedly accused the defense of attempting to keep out relevant evidence during its cross-examination of Officer Lawson. The government attorney began his redirect examination by asking Lawson to finish his response to the defense's last question, implying that the defense had cut off his response. The conduct of the government attorney may be in poor taste, but the real problem was one of form--the government attorney had failed to establish that Lawson's answer had not been complete. When he established that fact, the question was perfectly admissible. This question was not the type of consistent misstatement or badgering that would prejudice.
 
 
 11
 Third, Mazzio accuses the prosecution of sandbagging the defense by attempting to introduce a witness, Officer Gafford, to testify to a key fact (that he actually saw a package transferred between the Mazzios), even though Gafford was not on the pretrial witness list. Here Mazzio gives no reason why we should not defer to the determination of the district court. The district court refused to allow Gafford to testify, but not because of any prosecutorial misconduct. The district court stated that the prosecution had fulfilled its duty by making the witness available to the defense. The district court refused to allow Gafford to testify because his previous statement had been lost and was unavailable for use in cross-examination.
 
 
 12
 Fourth, Mazzio attacks the prosecution for its failure to produce records of the defendant's drug tests before trial on the "lame" excuse that the records were stored at the Federal Criminal Institution in Terre Haute, Indiana, not at the Milan Federal Prison where Mazzio was incarcerated and the subpoena was sent. It may be that the information should have been released in advance, but no prejudice to the jury occurred because the exculpatory evidence of the drug tests was introduced at trial. The government witness testified that he had obtained the relevant information by calling Terre Haute and he testified to that information at trial.
 
 
 13
 None of these allegations rise to the level of reversible error. Our standard is to determine whether any misconduct could have prejudiced the decision of the jury. See Angel v. Overberg, 682 F.2d 605, 608 (6th Cir.1982). We find no prejudice. Mazzio alleges instances of harmful innuendo, but they neither address the real merits of the case nor mislead the jury as to real evidence. Cf. United States v. Leon, 534 F.2d 667 (6th Cir.1976) (conviction overturned where prosecutor purposefully injected prejudicial, but unintroduced, evidence into his closing argument).
 
 
 14
 We have also considered the weight of the evidence against Mazzio and whether any misconduct occurred because of bad faith or because of imperfections at trial. Id. Like the district court, we make no finding of bad faith by the prosecution. Although the district court reprimanded the prosecutor several times, it made clear on the record that it considered the prosecutor to be in good faith, although perhaps overzealous. In contrast, the evidence pointing to Mazzio's guilt is overwhelming in light of his being caught red-handed.
 
 
 15
 We affirm.